# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:20-cv-00162-MR

| | |
|---|---|
| **CHRISTMAS FAW COLDIRON,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **MEMORANDUM OF**<br>) **DECISION AND ORDER**<br>) |
| **KILOLO KIJAKAZI, Acting**<br>**Commissioner of Social Security,** | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before this Court on Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 21].

**I.    PROCEDURAL BACKGROUND**

On October 5, 2020, Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny her application for benefits under the Social Security Act. [Doc. 1]. On September 22, 2021, the Commissioner filed a consent Motion to Remand. [Doc. 16]. On September 24, 2021, this Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 17]. On December 17, 2021, this Court awarded Plaintiff attorney's fees in the amount of $6,574.00 in full

satisfaction of any and all claims by Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). [Doc. 20].

On remand, the Commissioner issued a Notice of Award to Plaintiff explaining her past due benefits and stating that $22,285.73, representing 25% of Plaintiff's back benefits, was being withheld from Plaintiff's award to pay any award of attorney's fees.[1] [Doc. 21-1 at 4]. Plaintiff and her attorney have a contingency fee agreement pursuant to which any attorney's fee award cannot exceed 25% of the past due benefits. [Doc. 21-3]. Plaintiff's counsel now seeks an award of $8,511.73 in fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 21 at 3].

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under EAJA, which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the

---

[1] Plaintiff's counsel "expects to be granted an award of up to $7[,]200.00 for the additional work [she] performed representing Plaintiff at her hearing at the administrative level on remand" from the $22,285.73 the Commissioner has withheld to pay Plaintiff's attorney's fees. [Doc. 21 at 2].

United States in any court having jurisdiction of that action . . . ." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both EAJA and § 406(b), the Social Security Act provides that where fees are awarded under both statutes, for the same work, "the claimant's attorney refunds to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 186 (Aug. 5, 1985). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, rather than stipulating to issuing Plaintiff a refund of the EAJA fee award she received, Plaintiff's counsel requests that this Court offset the

3

Case 5:20-cv-00162-MR   Document 24   Filed 11/06/23   Page 3 of 6

total amount of § 406(b) fees to which she would be entitled, $15,085.73, by the amount she received under EAJA, $6,574.00.  Plaintiff submits no authority supporting awarding fees in this manner, and it does not appear that the Fourth Circuit Court of Appeals has addressed whether allowing such an offset, rather than requiring a refund of the smaller fee, is appropriate.  The plain language of the Social Security Act contemplates that where a plaintiff's counsel seeks fee awards under both statutes, counsel will "refund" the smaller award to the plaintiff.  The statute does not authorize this Court to offset Plaintiff's counsel's award under § 406(b) in the manner she requests.  As such, this Court will award fees under § 406(b) as it typically has and will require Plaintiff's counsel to refund to Plaintiff the smaller fee award.[2]

This Court now turns to evaluate the fees available to Plaintiff's counsel under § 406(b).  Here, Plaintiff and her counsel entered into a contingency

---

[2] This Court recognizes that some courts have signaled that awarding fees in the manner Plaintiff's counsel requests is permissible.  However, these courts have provided that it is a disfavored method and that a court does not abuse its discretion in awarding a plaintiff's counsel the full amount of fees to which they are entitled under § 406(b) and requiring them to issue a refund to the plaintiff.  See O'Donnell v. Saul, 983 F.3d 950, 959 (7th Cir. 2020); McGraw v. Barnhart, 450 F.3d 493, 497 n.2 (10th Cir. 2006).  Indeed, a number of District Courts have declined to award fees in the way Plaintiff's counsel requests.  See, e.g., Chandler v. Kijakazi, No. 4:20-cv-517-ALM-KPJ, 2023 WL 3818390, at *6 (E.D. Tex. May 19, 2023); Koroma v. Comm'r of Soc. Sec. Admin., No. CV-19-04459-PHX-DWL, 2021 WL 3190727, at *1-*2 (D. Ariz. July 28, 2021).  Therefore, even assuming *arguendo* that it would be permissible for this Court to award Plaintiff's counsel fees in the manner she requests, this Court would exercise its discretion and decline to do so.

fee agreement by which Plaintiff agreed to pay 25% of any past due benefits awarded to her counsel. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

This Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by Plaintiff and her counsel is reasonable. Accordingly, Plaintiff's Motion for Attorney's Fees will be granted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Attorney's Fees [Doc. 21] is hereby **GRANTED**, and an award of attorney's fees in the amount of Fifteen Thousand Eighty-Five Dollars and Seventy-Three Cents ($15,085.73) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby **APPROVED.**

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel is hereby instructed to refund to Plaintiff the sum of $6,574.00, representing the fee that counsel previously received pursuant the Equal Access to Justice Act, 42 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge